CHARLES M. AND SUSAN G. LIMMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Limmer v. Commissioner
Docket No. 37609-85.
United States Tax Court
T.C. Memo 1986-605; 1986 Tax Ct. Memo LEXIS 4; 52 T.C.M. (CCH) 1269; T.C.M. (RIA) 86605; December 30, 1986
Judy Jacobs, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as section 7443A by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ) and Rule 180 et seq. [1] This case is before the Court on respondent's Motion For Summary Judgment filed on May 23, 1986. *5 BACKGROUND
In a notice of deficiency dated July 17, 1985, addressed to Charles M. and Susan Limmer, respondent determined additions to their joint Federal income tax under section 6653(b) for the taxable years 1976 through 1980 as follows: Addition to Tax
Taxable Year
Section 6653(b)
1976
$3,619.73 1977
3,909.25
1978
4,717.85
1979
4,217.45
1980
2,293.78
On October 7, 1985, Charles M. Limmer and Susan G. Limmer filed a petition with the Court seeking a redetermination of the additions to tax determined by respondent. On December 10, 1985, respondent filed an answer in which he set forth the facts on which he relies to sustain his burden of proof with regard to the additions to tax under section 6653(b). Inasmuch as petitioner failed to file a reply as required by Rules 37(a) and (b), respondent, on February 3, 1986, filed a Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted. On February 5, 1986, the Court notified petitioners by service that respondent filed a Motion For Order Under Rule 37 and informed petitioners that if they filed a reply on or before February 25, 1986, respondent's motion would be denied, *6 and if petitioners failed to file a reply, the Court would grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Petitioners failed to file a reply or in any way respond to the notice of filing served upon them. The Court, in an order dated March 6, 1986, granted respondent's Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, filed February 3, 1986. As a result of our order, the allegations of fact contained in paragraphs 6(a) through 6(x), inclusive, of respondent's answer filed December 10, 1985, are deemed admitted for purposes of this case. On May 23, 1986, respondent filed his Motion For Summary Judgment pursuant to Rule 121, together with an accompanying memorandum of points and authorities. Petitioners were served notice that the motion was calendared for hearing at 10:00 a.m. on June 25, 1986, at the Tax Court in Washington, D.C. The motion was called from the calendar and counsel for respondent appeared and was heard. There was no appearance by or on behalf of petitioners and no written statement pursuant to Rule 50(c) was filed by or on behalf of petitioners in lieu of an appearance. *7 We now proceed to respondent's Motion For Summary Judgment. The following findings of fact are based upon the entire record, including the affirmative allegations of fact set forth in respondent's answer deemed admitted by our March 6, 1986 order. FINDINGS OF FACT Petitioners, at the time of the filing of the petition herein, resided in Cortland, New York. Petitioners were husband and wife during the taxable years 1976 through 1980. Petitioner Charles M. Limmer owned and operated Limmer Pottery, Ltd., from petitioners' residence at 149 Tompkins Street, Cortland, New York, during the years in issue. Petitioners timely filed Federal income tax returns for 1974 and 1975. They, however, failed to file Federal income tax returns for the taxable years 1976 through 1980 until October 19, 1981, after respondent had commenced an investigation regarding petitioners' income tax liabilities for these years. Petitioners failed to maintain or to submit for examination by respondent, complete and adequate books of account and records for their income-producing sources with respect to the taxable years 1976 through 1980, as required by the pertinent provisions of the Internal Revenue *8 Code and the regulations thereunder. Although requested by respondent's agent to make any of the records maintained for any of their income producing sources available for examination, petitioners refused to comply. Moreover, they refused to discuss such activities or sources or the amounts of income derived therefrom. During each of the taxable years 1976 through 1980, petitioners maintained a checking account (Account No. 501-18245-5) at First National Bank of Cortland, 65 Main Street, Cortland, New York. Instead of making deposits to their checking account, petitioners purchased innumerable bank cashier's checks from several different banks throughout each of the years 1976 through 1980. The proceeds of these cashier's checks were used to purchase vehicles, stocks, bonds, and other personal assets. On their delinquent Federal income tax returns for the taxable years 1976 through 1980, filed on October 19, 1981, petitioners reported the following amount of taxable income: Taxable Year
Amount Reported
1976
$25,529.88 1977
31,580.60
1978
35,477.25
1979
32,908.05
1980
21,583.43
The untimely returns filed by petitioners did not reveal the type of *9 business from which they received their income during these years. As a result of petitioners' refusal to permit access to their records and to discuss their income producing activities and sources, respondent determined petitioners' correct taxable income for these years employing the specific items method of proof based on their delinquent income tax returns. Petitioners' correct total Federal income tax liability for each of the taxable years 1976 through 1980, is as follows: Federal Income
Taxable Year
Tax Liability
1976
$7,239.46 1977
7,818.50
1978
9,435.70
1979
8,434.90
1980
4,587.57
As of the due date, April 15, of each Federal income tax return for 1976 through 1980, petitioners had sufficient liquid assets to fully satisfy the income tax liabilities reported on their delinquent returns. Petitioners were aware of their obligation to file income tax returns for the taxable years 1976 through 1980 because they had timely filed Federal income tax returns for 1974 and 1975. Petitioners purchased cashier's checks and paid cash for various assets during 1976 through 1980 with the intention of concealing the true amount and source of their income *10 in each of the years in issue with the intent to evade tax. The failure to disclose the source of their income on their delinquent Federal income tax returns for 1976 through 1980 was done deliberately with the intent to evade tax in each year. Petitioners willfully and intentionally failed to file timely Federal income tax returns for the taxable years 1976 through 1980. Petitioners' willful and intentional failure to file timely Federal income tax returns for the taxable years 1976 through 1980 was due to fraud with intent to evade tax. Likewise, petitioners' failure to pay their Federal income tax liabilities for the taxable years 1976 through 1980 timely, when due, was due to fraud with intent to evade tax. On April 26, 1984, petitioner Charles M. Limmer pleaded guilty to one count of willfully and knowingly failing to file his 1978 Federal income tax return in violation of section 7203. This case was captioned United States v. Limmer, Docket No. 84-CR-51 (N.D.N.Y.). A part of the underpayment of tax for each of the taxable years 1976 through 1980 required to be shown on petitioners' delinquent income tax returns for each of the aforementioned years is due to fraud. *11 OPINION Rule 121 provides that a party may move for summary judgment upon all or part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) provides for summary adjudication if "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The burden of proving that there is no genuine issue of material fact is on the moving party. ; . Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. For purposes of section 6653(b), fraud is an intentional wrongdoing with a specific intent to evade a tax believed to be owed. , cert. denied . Respondent bears *12 the burden of proving by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax for each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); . This burden may be met by showing that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes, and that there is an underpayment of tax. Respondent's burden of proof can be satisfied through the undenied facts deemed admitted under Rule 37(c). . [2]
The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . Fraud is never presumed, but rather must be established by affirmative evidence. . *13 When fraud is determined, as in the instant case, for more than one taxable year, respondent must show that some part of an underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. ; . Respondent need not prove the precise amount of the underpayment resulting from fraud. . The facts deemed admitted pursuant to the Rule 37(c) order establish petitioners' intentional failure to file Federal income tax returns for the taxable years 1976 through 1980. Petitioners knew of their duty to file income tax returns for these years because they had filed timely returns for 1974 and 1975. Petitioners had sufficient liquid assets to fully satisfy the income tax liability due and owing as of the due date of each Federal income tax return for the years 1976 through 1980. Petitioners filed delinquent income tax returns for the taxable years 1976 through 1980, on October 19, 1981, only after respondent had begun investigating petitioners. In *14 addition, petitioner Charles M. Limmer pleaded guilty to one count of willfully and knowingly failing to file his 1978 Federal income tax return in violation of section 7203. Failure to file tax returns is not in itself conclusive evidence of fraud, but such failure may properly be considered in connection with other facts to determine whether underpayments of tax are due to fraud. ; ;, revg. in part and affg. in part a Memorandum Opinion of this Court. Petitioners' failure to file timely income tax returns for the years in issue, together with the material factual allegations in the answer with respect to fraud that have been deemed admitted clearly and convincingly establish that for the taxable years 1976 through 1980, underpayments of tax existed and that some part of the underpayment of income tax for each of the taxable years 1976 through 1980 was due to fraud with the intent to evade tax. [3] Allegations of specific facts evidencing the following indicia of fraud on the part of petitioners *15 were deemed admitted pursuant to the Rule 37(c) order. First, petitioners failed to maintain complete and adequate books of account and records for their income-producing activities as required by the applicable sections of the Internal Revenue Code. . Second, petitioners failed to cooperate with respondent's investigation of their Federal income tax liabilities. ; Third, although petitioners maintained a checking account, they purchased stocks, bonds, and other personal assets with bank cashiers' checks that were paid for with cash in order to conceal the true amount and source of their income. . In addition, petitioners have admitted that a part of the underpayment of tax due for each of the years in issue was due to fraud. All of these facts clearly establish that petitioners are liable for the additions to tax for fraud. Their conduct was intended to conceal, mislead or otherwise prevent the collection of taxes known *16 or believed to be owing as of April 15 of each taxable year for 1976 through 1980, and as such constituted a deliberate attempt to evade such taxes. Accordingly, since there is no genuine issue as to any material fact present in the record, respondent is entitled to judgment as a matter of law and his motion for summary judgment will be granted. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.↩
2. See also ; and cases cited therein at n.8.↩
3. When a return is filed late, the underpayment on which the section 6653(b) addition is computed is the total corrected tax liability, without any reduction for the tax shown on the late filed return. Secs. 6653(c); 6211(a)(1)(A); see , affg. as to this issue a Memorandum Opinion of this Court; . Therefore, petitioners' apparent payment of the Federal income taxes due for the taxable years 1976 through 1980 when they delinquently filed their returns does not prevent an underpayment in tax from existing for each of the years in issue.↩